**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) Case No. 25-cv-1528<br>) |
| v. | )<br>) |
| REPRODUCTIVE GENETICS INSTITUTE INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Landmark American Insurance Company, by and through its counsel, and for its Complaint for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 against defendant Reproductive Genetics Institute Inc.

**NATURE OF ACTION**

1. Landmark American Insurance Company ("Landmark") brings this Complaint under 28 U.S.C. §§ 2201 and 2202 seeking a declaration respecting Landmark's coverage obligations owed to Defendant in connection with the lawsuit styled *Noelia Donamaria, individually and on behalf of all others similarly situated v. Reproductive Genetic Innovations, Inc.*, filed in the United States District Court Northern District of Illinois, Case No. 1:24-cv-09535 ("the Underlying Lawsuit").

2. Landmark seeks a determination that it has no duty to defend or indemnify the Defendant with respect to the Underlying Lawsuit.

3. As a result of the dispute between Landmark and the Defendant regarding the existence of insurance coverage for the Underlying Lawsuit, there is an actual case or controversy between the parties.

## PARTIES

4. Plaintiff Landmark is an insurance company that is organized and exists pursuant to the laws of New Hampshire, with its principal place of business in the state of Georgia.

5. Defendant Reproductive Genetics Institute Inc. is an Illinois corporation that is organized and exists pursuant to the laws of the State of Illinois, with its registered agent located in Northbrook, Illinois.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), because there is complete diversity between Plaintiff and Defendant, and the amount in controversy, exclusive of interest, exceeds $75,000.

7. This Court has personal jurisdiction over Defendant because they are residents of or otherwise conduct business in Illinois, including the actions giving rise to the Underlying Lawsuit and the present insurance dispute.

8. Venue is proper pursuant to 28 U.S.C. §§ 139l(b)(1) and (2) because the events or omissions giving rise to the Underlying Lawsuit occurred in this district, which give rise to Landmark's claim for no insurance coverage in this action.

## FACTUAL BACKGROUND

### *The Underlying Lawsuit*

9. On October 4, 2024, Noelia Donamaria, individually and on behalf of all others similarly situated, filed a lawsuit against Reproductive Genetic Innovations, Inc ("RGI"). A true and correct copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit A.

10. The Underlying Lawsuit alleges the following:

    a. RGI advertises, markets, and sells preimplantation genetic testing for aneuploidy (PGT-A) testing.

    b. RGI sells PGT-A testing in connection with the IVF process to screen embryos for abnormalities.

    c. Donamaria and other purported class members purchased PGT-A testing from RGI asserting that they relied on RGI's representations through its advertising and marketing.

11. The Underlying Lawsuit alleges causes of action for violations of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2, breach of the implied warranty of merchantability, breach of implied warranty of usability, fraud, and fraud by concealment, unjust enrichment, and breach of express warranty against RGI, and including but not limited to:

    a. False and deceptive advertising and marketing of the accuracy of its PGT-A testing;

    b. Misleading advertising rendering the PGT-A testing unsuitable for use;

    c. Deceptive advertising practices knowing customers would rely on certain statistics to influence their purchase of PGT-A testing;

    d. Failure to fully disclose the accuracy of its PGT-A testing;

12.     The Underlying Lawsuit seeks compensatory, statutory, restitutionary, and punitive damages, an order requiring RGI to fully disclose the nature of its PGT-A testing, and injunctive relief preventing RGI from engaging in misleading and deceptive practices in the future.

### *The Landmark Policy*

13.     Landmark issued a Commercial Lines Combination Policy with Commercial General Liability and Medical Professional Liability coverage, policy no. LHC854854, to RGI for the policy period of December 31, 2023 to December 31, 2024, with an aggregate limit of liability of $3,000,000, subject to a retention of $25,000 ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B.

14.     The Policy contains a form entitled "Commercial General Liability Coverage Form", form no. RSG 51039 1017, which states, in relevant part, as follows:

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle or defend any "claim" or "suit" that may result.

    ***

**SECTION V – DEFINITIONS**

15. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  **e.** The use of another's advertising idea in your "advertisement".

(*See* Ex. B, RSG 51039 1017, Page 20 of 22).

  15. The Policy's Declarations Page states: "Business Description: EMBRYO STORAGE LAB." (*See* Ex. B, RSG 50011 1020, Page 1 of 2).

  16. The Policy contains a form entitled "Medical Professional Liability Coverage Part", form no. RSG 51044 0722, which states, in relevant part, as follows:

 **Part I. Insuring Agreement**

  **A. Covered Services**

  The Company will pay on behalf of the Insured, as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error or omission, even if the **Claim** asserted is groundless, false or fraudulent, in the rendering of or failure to render professional services as described in the Business Description on the Declarations, provided that the:

  1. **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than sixty dates after the end of the Policy Period;
  2. Negligent act, error or omission took place in a covered territory;
  3. Negligent act, error or omission took place after the **Retroactive Date** as shown in the Declarations.

      \*\*\*

  **E. Covered Persons and Entities**

  1. Named Insured as shown in the Declarations, and if the Named Insured is an individual, his or her spouse, or domestic partner, but only with respect to the professional services rendered by or on behalf of the Named Insured;

      \*\*\*

(*See* Ex. B, RSG 51044 0722).

  17. The Policy contains a form entitled "Violation of Consumer Protection Laws Exclusion", form no. RSG 56121 1222, which states in relevant part as follows:

This insurance does not apply to any **Claim** based upon or arising directly, or indirectly, out of any actual or alleged violation of any federal, state or local consumer protection law(s), statute, ordinance or regulation including, but not limited to, the following:

1. The False Claims Act (FCA), including any amendment of or addition to such law;
2. The Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank), including any amendment of or addition to such law;
3. The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA);
4. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
5. The Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (CAN-SPAM Act), including any amendment of or addition to such law;
6. Any that address, prohibit, or limit the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information;
7. Any communication, distribution, publication, sending or transmission via telephone, telephone facsimile machine, computer or other telephonic or electronic devices, including claims asserted under the common law; or
8. Claims brought by any state or federal government agency, or any person or entity on their behalf, including qui tam claims, seeking to enforce any consumer protection law; or
9. Actual or alleged violation of any laws, regulations or guidelines relating the accessibility of the Insured's website.
10. Any biometric privacy law or any such similar law or statute anywhere in the world that governs or relates to the collection, use, safeguarding, handling, storage, retention or destruction of biometric identifiers, biometric data or biometric information of any kind, including but not limited to retina or iris scans, fingerprints, voiceprints, or scans of hand or face geometry.

(*See* Ex. B, RSG 56121 1222).

### *Landmark's Coverage Communications*

18. On July 15, 2024, Donamaria issued a demand letter upon RGI, in which RGI tendered to Landmark to review for coverage.

19. On August 5, 2024, Landmark denied coverage for the allegations outlined in the demand letter.

20. The Underlying Lawsuit was filed on October 4, 2024.

21. On October 7, 2024, RGI tendered the Underlying Lawsuit to Landmark for coverage under the Policy.

22. On November 14, 2024, Landmark denied coverage for the Underlying Lawsuit and requested RGI consider formally withdrawing its tender for coverage in lieu of Landmark seeking a declaratory judgment with respect to its rights and obligations under the Policy.

23. On December 13, 2024, RGI declined Landmark's request for RGI to withdraw its request for coverage and challenged Landmark's denial of coverage for the Underlying Lawsuit.

## COUNT I – DECLARATORY JUDGMENT

*Medical Professional Liability Insuring Agreement Not Satisfied*

24. The allegations of paragraphs 1 through 23 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

25. An actual case or controversy exists between Landmark and RGI.

26. Pursuant to the Medical Professional Liability Coverage Part, the Policy provides coverage for claims "arising out of a negligent act, error or omission, even if the Claim asserted is groundless, false or fraudulent, in the rendering of or failure to render professional services as described in the Business Description."

27. The Policy's Declaration's Business Description states "EMBRYO STORAGE LAB."

28. The Complaint in the Underlying Lawsuit alleges that RGI's advertising and marketing of its PGT-A testing was misleading and deceptive.

29. The Complaint in the Underlying Lawsuit does not allege a negligent act, error or omission in the rendering or failure to render "embryo storage lab" professional services.

30. Accordingly, the Underlying Lawsuit does not satisfy the Policy's insuring agreement for the Medical Professional Liability Coverage Part.

31. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify RGI in connection with the Underlying Lawsuit.

## COUNT II – DECLARATORY JUDGMENT

### *Commercial General Liability Insuring Agreement Not Satisfied*

32. The allegations of paragraphs 1 through 31 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

33. An actual case or controversy exists between Landmark and RGI.

34. Pursuant to the Commercial General Liability Coverage Part, the Policy provides coverage for claims "because of 'personal and advertising injury'".

35. The Complaint in the Underlying Lawsuit does not assert any allegations constituting "personal and advertising injury".

36. Thus, the Complaint in the Underlying Lawsuit does not satisfy the Policy's insuring agreement for "personal and advertising injury" under the Commercial General Liability Coverage Part.

37. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify RGI in connection with the Underlying Lawsuit.

## COUNT III – DECLARATORY JUDGMENT

### *Violation of Consumer Protection Laws Exclusion*

38. The allegations of paragraphs 1 through 37 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

39. An actual case or controversy exists between Landmark and RGI.

40. Pursuant to the Policy's Violation of Consumer Protection Laws Exclusion, the Policy excludes coverage for any "**Claim** based upon or arising directly, or indirectly, out of any actual or alleged violation of any federal, state or local consumer protection law(s), statute, ordinance or regulation, including, but not limited to…"

41. The Complaint in the Underlying Lawsuit alleges violations of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2, and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2, which are all consumer protection laws.

42. Accordingly, the Violation of Consumer Protection Laws Exclusion, contained in form RSG 56121 1222, applies to preclude coverage for the Underlying Lawsuit.

43. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify RGI in connection with the Underlying Lawsuit.

## COUNT IV – DECLARATORY JUDGMENT

### Other Policy Terms, Conditions and Exclusions

44. The allegations of paragraphs 1 through 43 of this Complaint are incorporated by reference and realleged as if fully set forth herein.

45. An actual case or controversy exists between Landmark and RGI.

46. Other terms, conditions and exclusions of the Policy may bar or limit coverage and Landmark reserves the right to rely on such terms, conditions and exclusions as appropriate given information developed through discovery in this matter.

47. Therefore, Landmark is entitled to a declaration that it has no duty to defend or indemnify RGI in connection with the Underlying Lawsuit.

**DEMAND FOR JUDGMENT**

WHEREFORE, plaintiff, Landmark, prays that this honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Landmark Policy with the following relief:

a. Declaring the rights and obligations of Landmark under the Policy as respects the lawsuit styled *Noelia Donamaria, individually and on behalf of all others similarly situated v. Reproductive Genetic Innovations, Inc.*, filed in the United States District Court for the Northern District of Illinois, Case No. 1:24-cv-09535 ("the Underlying Lawsuit");

b. Declaring that Landmark does not owe a duty to defend or indemnify defendant Reproductive Genetic Innovations, Inc. in connection with the Underlying Lawsuit.

c. Any further relief that this Court deems just and appropriate.

Dated:  February 13, 2025            Respectfully Submitted,


/s/ Kevin A. Lahm
Kevin A. Lahm
Domonique R. Abrantes
WALKER WILCOX MATOUSEK LLP
1 North Franklin Street, Suite 3200
Chicago, Illinois 60606
(312) 244-6700
(312) 244-6800 (Facsimile)
klahm@walkerwilcox.com
nabrantes@walkerwilcox.com

*Attorneys for Plaintiff*
*Landmark American Insurance Company*