UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> REPRODUCTIVE GENETICS INSTITUTE INC., <br><br> Defendant. | No. 25 CV 1528 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiff Landmark American Insurance Company issued a liability coverage policy to defendant Reproductive Genetics Institute, Inc. During the coverage period, Noelia Donamaria filed a class action complaint against RGI alleging various counts of fraud and misrepresentation. Landmark now brings this lawsuit, pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration that it has no duty to defend RGI with respect to Donamaria's lawsuit. RGI moves to stay this case. For the reasons discussed below, RGI's motion to stay is denied.

I.  Legal Standards

The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "An insured and his insurer have a mutual interest in speedy resolution of the insurer's duty to supply him a defense against a tort claim that may fall outside the coverage of the insurance policy." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 697 (7th Cir. 1995). For this reason, Illinois law requires an insurer to either

defend the insured or seek a declaratory judgment that it has no duty to defend. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006).[1]

Still, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The party requesting a stay bears the burden of showing that the circumstances justify it." *Nken v. Holder*, 556 U.S. 418, 434 (2009). In deciding whether a stay is appropriate, courts consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009).

With reference to the first factor, declaratory complaints regarding insurance coverage are "premature" when they present issues of "ultimate facts" which would otherwise be resolved in the pending litigation. *Md. Cas. Co. v. Peppers*, 64 Ill. 2d 187, 197 (1976). In other words, the *Peppers* doctrine states that "it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation." *Allstate Ins.*

---

[1] The court has subject-matter jurisdiction over this case because plaintiff is a corporation organized in New Hampshire and with its principal place of business in Georgia, defendant is a corporation organized and with its principal place of business in Illinois, and the amount in controversy exceeds $75,000. [1] ¶¶ 4–6; 28 U.S.C. § 1332(a)(1), (c)(1). Illinois law, the law of the state in which this federal court sits, applies. *Fednav Intern. Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010). The parties agree that Illinois law applies. [14] at 5–6; [18] at 5. Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

*Co. v. Kovar*, 363 Ill. App. 3d 493, 501 (2006). That said, *Peppers* does not preclude declaratory judgment on issues that do not decide an ultimate fact in the underlying case. *Twin City Fire Ins. Co. v. Law Off. of John S. Xydakis, P.C.*, 407 F.Supp.3d 771, 778–79 (N.D. Ill. 2019).

## II. Background

### A. The Underlying Lawsuit

In October 2024, Noelia Donamaria filed a lawsuit against RGI asserting that (1) RGI advertises, markets, and sells preimplantation genetic testing for aneuploidy (PGT-A) testing; (2) RGI sells that testing in connection with the IVF process to screen embryos for abnormalities; and (3) Donamaria and other purported class members purchased the testing from RGI and relied on its representations through its advertising and marketing. [1] ¶¶ 9–10.

The underlying lawsuit alleges causes of actions for violations of Illinois's Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2, breach of the implied warranty of merchantability, breach of the implied warranty of usability, fraud, fraud by concealment, unjust enrichment, and breach of express warranty. [1] ¶ 11. These counts are based on claims that RGI engaged in false and deceptive advertising and failure to fully disclose the accuracy of its PGT-A testing. [1] ¶ 11.

### B. The Landmark Policy

The relevant Landmark insurance policy covers RGI as an "Embryo Storage Lab" from December 31, 2023, to December 31, 2024. [1-2] at 3. The policy includes

3

two separate coverages: Commercial General Liability coverage and Medical Professional Liability coverage. [1-2] at 6. The policy also includes an endorsement carving out claims "based upon or arising directly, or indirectly, out of any actual or alleged violation of any federal, state or local consumer protection law(s), statute, ordinance or regulation." [1-2] at 71.

The general liability policy provides that Landmark will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," or "personal and advertising injury" to which the insurance applies. [1-2] at 7, 14. The medical professional liability policy provides that Landmark will pay damages "arising out of a negligent act, error, or omission … in the rendering of or failure to render professional services." [1-2] at 29. The policy's declarations define RGI's professional services as an "embryo storage lab." [1-2] at 58. The medical liability coverage does not apply to any claim "based upon or arising out of … dishonest, fraudulent, criminal, malicious, or intentional acts, errors or omissions committed by or at the direction of any Insured." [1-2] at 32.

### III.  Analysis

RGI moves to stay on the grounds that this court, in considering the declaratory judgment action, will be required to determine "ultimate facts" in the underlying case. RGI argues that "Landmark's Complaint calls for a determination of whether RGI's conduct was intentional or negligent as part of any determination regarding coverage." [14] at 6. In response, Landmark argues that "the eight corners of the Landmark Policy and the Underlying Lawsuit" are sufficient to find that

declaratory relief would not comment on any ultimate question in the underlying lawsuit. [18] at 6. I agree.

In *Peppers*, an insured defendant was sued in a personal injury action for intentional, negligent, and willful and wanton conduct. 64 Ill. 2d at 190–95. Because the relevant insurance policy excluded coverage for intentionally inflicted injuries, the insurance company's duty to defend hinged on whether the insured's alleged conduct was negligent or intentional. *See id*. The trial court found that the defendant had intentionally caused the injuries and, therefore, that the insurance policy did not provide coverage. *Id*. at 196. The Illinois Supreme Court reversed, finding this determination to be "premature" because whether the defendant's conduct in the underlying action was intentional was an "ultimate fact" unsuitable for declaratory judgment. *Id*. at 197.

RGI's claim that the instant suit "is prohibited under the *Peppers* doctrine" misinterprets Landmark's declaratory judgment complaint. Landmark does not dispute whether it would have a duty to defend against a negligent act committed by RGI. [18] at 2. "Whether or not RGI is guilty of the conduct alleged in the Underlying Lawsuit is irrelevant to the insuring agreements at issue in the Landmark Policy." [18] at 5. Rather, Landmark asserts that I can grant declaratory relief without deciding issues of ultimate fact that could bind the parties to the underlying litigation.

Landmark's duty to defend claim presents a distinct question from the underlying class action. The court looks to the face of the insurance policy when

determining the duty to defend and thus "ordinarily will have no reason to immerse itself in the facts surrounding the incident in question; it need only look to the allegations made against the insured and decide whether, if proven, those allegations would establish an injury that the policy would cover." *Zavalis*, 52 F.3d at 694.

Here, the underlying complaint against RGI describes the action as one based on economic losses sustained "as a result of RGI's false, deceptive, unfair, and misleading advertising and promotion of [PGT-A]." [1-1] at 2. Whether those allegations put the case within the medical professional liability coverage exclusion for claims arising out of dishonest acts does not require a determination of dishonesty. And whether the kind of misleading advertising alleged in the underlying lawsuit has any nexus to the services of an embryo storage lab doesn't depend on whether the advertising was actually misleading.[2] I need not look beyond the eight corners of the insurance policy and the underlying lawsuit to conclude that there is no ultimate fact at issue.

The same can be said of the general liability coverage question. Whether the underlying complaint alleges any form of bodily injury, property damage, or personal

---

[2] RGI cites *Scottsdale Ins. Co. v. Vill. of Dixmoor*, 2014 WL 1379888 (N.D. Ill. Apr. 8, 2014), for the proposition that whether a defendant's acts were rendered in connection with professional services is an ultimate fact. [19] at 4. That case doesn't make such a broad statement. It is well settled that "[w]hether an act falls within the scope of employment is generally a question of fact." *Zander v. Orlich*, 907 F.3d 956, 959 (7th Cir. 2018). By contrast, a court need not embrace "any excursion into factfinding" to determine that commercial consumer claims involving misrepresentation do not arise out of an act in the rendering or failure to render an embryo storage lab. *See Zavalis*, 52 F.3d at 695; *see also Law Off. of John S. Xydakis, P.C.*, 407 F.Supp.3d at 779 (finding that whether claims in an underlying lawsuit arose from an act in the rendering of professional services was not an ultimate fact where the relevant terms were defined in the insurance policy).

and advertising injury that would take it within the purview of the policy doesn't require a decision that the injury occurred. In deciding the duty to defend, the court will look at the policy, particularly its exclusion from coverage for personal and advertising injury "arising out of a breach of contract" and its definition of personal and advertising injury as limited to five specific offenses, [1-2] at 15, 26, and decide whether Donamaria's complaint pleads a breach of contract or those five offenses. That doesn't reach any question of ultimate fact, it only asks what is alleged in the complaint. *Peppers* does not require staying the action.[3]

## IV. Conclusion

RGI's motion to stay, [13], is denied.

ENTER:

                                                                   Manish S. Shah
                                                                   United States District Judge

Date: October 8, 2025

---

[3] RGI also argues that this case should be stayed pending resolution of issues in the underlying lawsuit. [14] at 7–8. But while RGI claims that a stay *might* be appropriate if the pending issues are resolved in a way that would reduce the burden of this lawsuit, a finding that Landmark has no duty to defend would fully resolve this lawsuit and resolve any lingering questions of indemnity. Thus, both Illinois public policy and the relevant stay factors say that this case should proceed. *See, e.g., Sadowski*, 441 F.3d at 538.